**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KANEACHA DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 25 C 11364** |
| | ) | |
| **DAVID STEINER, Postmaster General,** | ) | **Judge Rebecca R. Pallmeyer** |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kaneacha Davis has been employed by the United States Postal Service ("USPS") since no later than 2017. She remains employed there despite a history that, she alleges, includes discrimination, harassment, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, the Rehabilitation Act, and the Americans with Disabilities Act. Davis asserts that since 2017, USPS has retaliated against her whenever she has taken approved leave for medical reasons, pregnancy, or her daughter's medical needs by issuing multiple Notices of Removal—all of which were eventually rescinded—and has repeatedly deactivated her work badge, preventing her from entering the building and performing her responsibilities. Davis brings this lawsuit against: (1) the Postmaster General of the United States, David Steiner; (2) Postal Service attorney Steven Coney; (3) Administrative Law Judge Rachel Johnson; and (4) an unnamed EEO Services Analyst. All of the Defendants have moved to dismiss. For the reasons explained below, the court concludes that several of these individuals are not properly named as Defendants, and that all of Plaintiff's claims are untimely. The motion is therefore granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts laid out below are taken from Davis's Amended Complaint [9], which the court accepts as true at the pleading stage. See *Ruiz v. Pritzker*, 162 F.4th 886, 889 (7th Cir. 2025). Because Ms. Davis is *pro se,* the court liberally construes her pleadings. *Parker v. Four Seasons Hotels, Ltd.,* 845 F.3d 807, 811 (7th Cir. 2017).

At the time of the relevant events, Plaintiff served as a processing clerk at the Postal Service processing and distribution centers in Chicago, Illinois.[1] (Am. Compl. [9] at 21, 29, 41.) Without identifying specific dates, Ms. Davis alleges that since 2017, she has been the victim of unfair discipline on numerous occasions. Thus, when she has taken approved leave—whether for medical reasons, pregnancy, or for her daughter's medical needs—USPS management has retaliated against her. (*Id.* at 5.) USPS management has issued multiple Notices of Removal, all of which, Plaintiff alleges, were eventually rescinded, and has repeatedly deactivated Plaintiff's work badge, thereby preventing her from entering the building and performing her duties. (*Id.*) This pattern of retaliation has allegedly caused Davis emotional distress, loss of pay, and fear of termination. (*Id.*) Davis believes this pattern constitutes discrimination based on sex and disability, in that she was treated less favorably due to her pregnancy and various unspecified medical conditions. (*Id* at 3–4.)

Federal regulations set forth procedures for federal employees who believe their rights have been violated. Under 29 C.F.R. § 1614 *et seq.*, when an employee files a complaint, an investigation is conducted, and then the employee has thirty days to request either a hearing before an EEOC Administrative Law Judge or a final agency decision without a hearing. (*Id.*) If neither are requested, a final decision is issued by USPS in accordance with 29 C.F.R. § 1614.110(b). On issuance of a final decision, an employee has the right to appeal to the Equal Employment Opportunity Commission or to file a civil action in federal district court. An employee

[1] On a FED. R. CIV. P. 12(b)(6) motion to dismiss, the court may consider documents that are attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice. *Phillips v. Prudential Ins. Co. of Am.,* 714 F.3d 1017, 1020 (7th Cir. 2013). Because the May 19, 2025, Notice of Final Action ([9] at 19–20), the January 5, 2022, Dismissal of Formal EEO Complaint ([9] at 21–22 (incomplete; complete version at [26-1])), the April 10, 2019 EEOC Decision ([9] at 29–33), and the October 13, 2020, EEOC Final Agency Decision ([9] at 35–56) are attached to Plaintiff's complaint and critical to the complaint itself, they are properly before the court. Further, Administrative Law Judge Johnson's May 14, 2025, Order Entering Summary Judgment [26-4] and the December 30, 2025, EEOC Dismissal of Appeal [26-5] are critical to the complaint and subject to judicial notice, so they are also properly before the court.

has thirty calendar days from the receipt of the decision to file an appeal with the EEOC. 29 C.F.R. §§ 1614.401(a), 1614.402(a). A federal court lawsuit generally must be filed within ninety days. 29 C.F.R. § 1614.407. Ms. Davis has filed four separate formal complaints since 2017, but as explained here, each one failed to meet applicable time limits.

- In May 2017, Davis filed a formal EEO ("Equal Employment Opportunity") administrative complaint (No. 1J-607-0034-17) for discrimination and harassment. (Am. Compl. [9] at 29–30.) USPS issued a final decision concluding that Davis had not shown that discrimination occurred, in part due to her failure to "complete an affidavit in support of her complaint." (*Id.* at 30.) Davis appealed this decision to the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations, which, on April 10, 2019, concluded that Davis had not shown that the circumstances she complained of were severe or pervasive enough to alter the conditions of her employment. (*Id.* at 31.) This decision included a right-to-sue notice directing Ms. Davis that she had "the right to file a civil action in the appropriate United States District Court within ninety (90) calendar days from the date" of receipt. (*Id.* at 32.) No such complaint was filed.

- On March 11, 2020, Davis filed another administrative EEO complaint (No 1J-607-0034-20), again alleging discrimination. (*Id.* at 35) On October 13, 2020, the USPS again issued a final agency decision concluding that the evidence did not support a finding that Davis was subject to discrimination. (*Id.* at 55.) This likewise included a notice that Ms. Davis could file a civil action in federal court within 90 calendar days. (*Id.* at 56.) Again, Ms. Davis did not file such an action.

- On January 5, 2022, Davis filed a third administrative EEO complaint (No. 1F-341-0141-21), alleging discrimination. (*Id.* at 21.) On January 31, 2022, the Postal Service issued a final decision, dismissing her complaint as untimely pursuant to 29 C.F.R. § 1614.107(a)(2). (*Id.* at 22.) Davis appealed this decision to the EEOC, which affirmed the dismissal on July 21, 2022, attaching the ninety-day notice. (EEOC Decision [26-2].) She did not file a federal complaint.

- In her most recent complaint (No. 1F-341-0210-24), on June 17, 2024, Davis alleged retaliation. (Administrative Law Judge Decision [26-4].) Administrative Law Judge Rachel D. Johnson issued a decision granting the Postal Service's motion for summary judgment on May 14, 2025, and five days later, the Postal Service confirmed that decision in a Notice of Final Action ("NFA") that is dated May 19, 2025. (Compl. [9] at 19.) The NFA explained that Davis had the right to appeal to the EEOC by filing "within 30 calendar days of your receipt of this decision." (*Id.*) Alternatively, the NFA explained that Davis may appeal by filing "a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered." (*Id.* at 20.) Davis opted to file an appeal with the EEOC, but did not do so until August 25, 2025, leading the EEOC to dismiss the appeal as untimely. (EEOC Dismissal [26-5] (citing 29 C.F.R. § 1613.403(c)).) (*Id.*) The Dismissal order, dated December 30, 2025, again explained that Ms. Davis could appeal by filing a civil action in federal court within 90 calendar days.

Defendant seeks dismissal of Ms. Davis's complaint for untimeliness. As explained below, the court agrees.

**DISCUSSION**

A plaintiff's failure to meet filing deadlines is an affirmative defense and need not ordinarily be addressed in the complaint in order to survive a motion to dismiss. *Indep. Trust Corp. v. Stewart Inf. Servs. Corp.,* 665 F.3d 930, 935 (7th Cir. 2012). The court may, however, dismiss a complaint for on timeliness grounds "when the plaintiff's allegations establish that the statute of limitations bars recovery." *Milchtein v. Milwaukee Cnty.,* 42 F.4th 814, 822 (7th Cir. 2022). When a complaint sets forth "everything necessary to satisfy the affirmative defense," and plainly reveals that an action is untimely, dismissal under Rule 12(b)(6) is appropriate. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc*., 770 F.3d 610, 614 (7th Cir. 2014). The exhaustion of administrative remedies is one such affirmative defense. *Salas v. Wisconsin Dept. of Corr.*, 493 F.3d 913, 921–22 (7th Cir. 2007) ("Filing a timely charge with the EEOC is not a jurisdictional prerequisite to suit in federal court; rather, it is an affirmative defense akin to administrative exhaustion.").

As explained above, an employee has ninety days following receipt of an NFA issued by the agency or EEOC to file a civil action, naming the head of the agency as the defendant. 42 U.S.C. § 2000e-16(c). Further, "the receipt date is presumed to be five days from the mailing date," unless proven otherwise. *Loyd v Sullivan,* 882 F.2d 218, 218 (7th Cir. 1989). The EEOC issued its final decisions on EEO complaint No. 1J-607-0034-20 on April 10, 2019, and on No. 1F-341-0141-21 on July 21, 2022, and the Postal Service issued a final agency decision on EEO complaint NO. 1J-607-0034-20 on October 13, 2020. (Am. Compl. [9] at 31–33, 55; EEOC Decision [26-2].) Davis did not file this action until September 19, 2025; the statute of limitations has clearly run on those claims.

The NFA for Davis's most recent EEO complaint, No. 1F-341-0210-24, was issued by the Postal Service—informing Davis that it was implementing the administrative law judge's

decision—on May 19, 2025, and Davis received it on May 20, 2025. (Compl. [9] at 19; EEOC Dismissal [26-5].) Her complaint in this court was not filed until September 19, 122 days after she received the NFA. In the meantime, Davis did file an appeal of the dismissal of No. 1F-341-0210-24 to the EEOC on August 25, 2025 (97 days after she received the NFA). (EEOC Dismissal [26-5].) That appeal itself was untimely; as explained in the NFA, any appeal to the EEOC of the Postal Service's final agency decision was due 30 days after issuance of that final decision. Because the August 25, 2025, appeal was filed more than 90 days after she received the NFA, it was untimely, and was dismissed as such by the agency on December 30, 2025. (*Id.*) This lawsuit, filed in September 2025, cannot fairly be understood as an appeal from that EEOC ruling issued three months later. If it is construed as such, however, this court has little difficulty affirming the agency's ruling. This action is time-barred because Ms. Davis's appeal to the EEOC itself was not timely. Thus, the statute of limitations has run for this more recent claim as well.

Ms. Davis has suggested the court should excuse her filing delays. She contends the delays were caused by her medical conditions and a work-related injury, effectively arguing that these circumstances support equitable tolling of the applicable filing deadlines. "[E]quitable tolling is granted sparingly" only when "extraordinary circumstances far beyond the litigant's control must have prevented timely filing." *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000). "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Id.* A plaintiff seeking equitable tolling must establish that (1) she has been pursuing her rights diligently, and (2) some extraordinary circumstance stood in her way and prevented timely filing. *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016). In discrimination cases in particular, the doctrine can save an untimely filing under three circumstances: where (1) "a plaintiff exercising due diligence cannot within the statutory period obtain the information necessary to realize she has a claim;" (2) "a plaintiff makes a good-faith error such as timely filing in the wrong court;" or (3) "the defendant prevents a plaintiff from filing within the statutory period." *Porter v. New Age Servs. Corp.,* 463 F. App'x 582, 584 (7th Cir. 2012)

(internal citations omitted). Davis does not argue that any of these circumstances exist here, and the record defeats any notion that Ms. Davis did not realize she had a claim for relief, that she made an error by filing in the wrong venue, or that Defendants prevented her from timely action. Instead, she simply missed the deadlines.

She does argue that she "diligently pursued her administrative remedies through the Equal Employment Opportunity process" and was "not sitting on her rights" but "actively trying to pursue them." (Pl.'s Opp'n. [29] at 1; Pl.'s Sur-reply [33] at 2.) She notes she "contacted agencies, filed complaints, filed appeals, participated in administrative processes, and continued trying to be heard." (Pl.'s Sur-reply [33] at 2.) She states that these efforts "show diligence, not neglect." *Id.* She contends, further, that she suffers from "ongoing pain, stiffness, inflammation, restricted movement, weakness, and difficulty with normal daily activities," such as sitting, standing, or walking. These difficulties affected her "ability to work and function normally." (*Id.*) She claims she is struggling with ongoing medical issues, doctor visits, work restrictions, and stress; that she relies on various medications to manage pain and symptoms; and that she is partially disabled yet responsible to support herself and her children. (*Id.* at 1.)

For purposes of this ruling, the court accepts Ms. Davis's assertions that she suffers from various emotional and physical impairments and is sympathetic with her circumstances. But her impairments support equitable tolling only "upon a strong showing that the medical condition actually prevented the complaining party from satisfying the limitations requirement." *Gray v. Potter*, 115 F. App'x 891, 894 (7th Cir. 2004) (emphasis omitted). Ms. Davis has not made such a showing. Since 2017, she has been able to file an NLRB charge and several EEO complaints, has appealed the dismissal of an EEO complaint, and has requested and obtained Emergency Federal Employee Leave, among other things. Davis has repeatedly demonstrated that—despite her circumstances—she is fully capable of engaging with complex formal processes. She argues here that any lack of sufficient detail concerning her medical conditions and work-related injuries should be attributed to her status as a *pro se* plaintiff, who does not fully understand how detailed

an explanation must be to support equitable tolling. (Pl.'s Sur-reply [33] at 1.) Even *pro se* litigants are charged with knowing the law, however, and a "lack of legal expertise is not a basis for invoking equitable tolling." *Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008). Ms. Davis's complaint is dismissed as untimely.

Two final notes: As Defendants note, the only proper defendant in a federal employee's Title VII or Rehabilitation Act suit is the head of the agency accused of discrimination or retaliation. *McGuinness v. U.S. Postal Serv.,* 744 F.2d 1318, 1322–23 (7th Cir. 1984).[2] As against Postal Service attorney Steven Coney, Administrative Law Judge Rachel Johnson, and an unnamed EEO Services Analyst, this complaint would be dismissed even if it was timely filed.

Second, Ms. Davis's claims of sex and disability discrimination and retaliation based on the 2021 back pay settlement or a charge she filed with the NLRB in 2021 were not included in her most recent EEO complaint (No. 1F-34100210-24) and would be dismissed on this basis, even if timely filed. A plaintiff must exhaust her administrative remedies before bringing an employment discrimination action under Title VII and the Rehabilitation Act. *Green v. Brennan,* 578 U.S. 547, 552–53 (2016) (discussing that a federal employee must first exhaust her administrative remedies before suing her employer in court for a violation of Title VII); *McHale v. McDonough*, 41 F.4th 866, 869 (7th Cir. 2022) (same, with respect to the Rehabilitation Act).

[2] *Freeman v. Bisignano,* No. 23 CV 4374, 2026 WL 395669, at *8 (N.D. Ill. Feb. 12, 2026) ("The ADA claim fails at the outset because the ADA does not apply to federal agencies." (citation and internal quotations omitted)).

## CONCLUSION

Defendants' motion to dismiss [25] is granted. This case is dismissed. Plaintiff's motion for attorney representation is stricken without prejudice as moot. The court notes that, at least as of the time she filed her complaint, Ms. Davis remained employed by the Postal Service. If the discrimination and retaliation she has alleged have continued, she is free to pursue her rights and is encouraged to comply with relevant charge-filing requirements.

ENTER:

Dated: August 10, 2026

REBECCA R. PALLMEYER
United States District Judge